Hemphill, *v.* Salladay.

---

### HEMPHILL *v.* SALLADAY.

No error will be considered by the supreme court, unless conclusively apparent in the record.

A question of costs should be first adjudicated in the district court.

When the fee bill omits to state that the witnesses therein mentioned had testified in the case, or were material, it will still be presumed that they were witnesses in the case, and entitled to fees.

### ERROR, *to Des Moines District Court.*

This was an action of replevin, commenced before a justice of the peace. The case was taken to the district court by appeal, when the jury returned a verdict for the defendant, and assessed his damages at eight dollars. Judgment was accordingly rendered against the plaintiff for the eight dollars damages; and for one hundred and eighty dollars and seventy-one cents, costs of suit. The only question raised in the supreme court, as will be seen by the opinion, is in relation to costs.

*M. D. Browning,* for the plaintiff in error.

*Hall* and *Mason,* for the defendant.

*Opinion by* GREENE, J. The errors assigned in this case are not designated by the record. It has been repeatedly decided by this court that no errors can be considered but such as are made conclusively apparent.

Had the question of excessive and illegal fees complained of been adjudicated by the district court, and brought before us by a bill of exceptions, we should then have the proceedings in a tangible form, and could act upon them advisedly.

Unless the incidental ·question of fees is first acted upon by the district court, the determination of it by this court would be exercising an original jurisdiction, which is beyond our constitutional province.

No doubt injustice is often done to judgment debtors in the courts below, by an onerous taxation of costs ; not usually by the determination of the judge, but by the unadvised and discretionary acts of the clerk ; but that evil can be in a great measure remedied by the attorneys, in having suitable rules adopted, and the necessary instructions given, for the taxation of costs.

In this case we are called upon to reverse the judgment, because, as is alleged in the assignment of errors, it does not appear from the record that any of the witnesses mentioned in the fee bill were witnesses in the case, or that they were material for defendant.   Had the fee bill been made a part of the record, we could by no means infer from it that those named as witnesses, were not in that case ; or that they were not material, for the reverse could be the only legitimate presumption.

Judgment affirmed.